## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DAWN SIMMONS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 23- cv-790** |
| | § | |
| **HARRIS COUNTY, TEXAS, and** | § | |
| **GLORIA EAZANI, individually; and** | § | |
| **BRANDI HAWKINS, individually, and** | § | |
| **COURTNEY BALL, individually, and** | § | |
| **DARIEL NEWMAN, individually** | § | |
| **Officially and or individually;** | § | |
| **Defendants.** | § | |

## COMPLAINT

**COMES NOW** the Plaintiff, Dawn Simmons, and hereby submits the following

Causes of Actions and or Claims for Relief against Defendants, ("Defendants") that have

arisen out of a pattern of retaliatory and or discriminatory conduct and animus; Plaintiff

hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper as the Plaintiff resides and or was previous employed by

Defendant Harris County through the Harris County Sherriff's Office (hereinafter

"HCSO") within the State of Texas and Harris County, Texas.

2. Defendant Harris County is a political subdivision organized under the laws of the

State of Texas and is located in and doing business in Harris County at all times pertinent

to the action and Plaintiff's contentions and claims for relief and or damages within the

meaning of 42 U.S.C. §§ 1983, 1981 and 1988, Title VII of the Civil Rights Act 42

U.S.C. § 2000(e); and under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA) and or the Americans with Disabilities Act, 42 USC §§ 12131-12134 ("ADA") and or the laws of the State of Texas.

3.   Defendant HCSO is a political subdivision organized under the laws of the State of Texas and is located in and doing business in Harris County at all times pertinent to the action and Plaintiff's contentions and claims for damages within the meaning of 42 U.S.C. §§ 1983, and 1988, Title VII of the Civil Rights Act 42 U.S.C. § 2000(e); and under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA) and or the Americans with Disabilities Act, 42 USC §§ 12131-12134 ("ADA") and or the laws of the State of Texas.

4.   Defendant Gloria Eazani, (hereinafter "Eazani"), was an employee of HCSO as a supervising nurse and a black female. At all pertinent times to Plaintiff's claims for damages the individual unlawful acts and or omissions by Defendant Eazani occurred within Harris County, Texas during the course of her employment.

5.   Defendant Brandi Hawkins, (hereinafter "Hawkins"), was an employee of HCSO as a supervising nurse and a female. At all pertinent times to Plaintiff's claims for damages the individual unlawful acts and or omissions by Defendant Hawkins occurred within Harris County, Texas during the course of her employment.

6.   Defendant Courtney Ball, (hereinafter "Ball"), was an employee of HCSO as a supervising director HR and a black female. At all pertinent times to Plaintiff's claims for damages the individual unlawful acts and or omissions by Defendant Ball occurred within Harris County, Texas during the course of her employment.

7.   Defendant Dariel Newman, (hereinafter "Newman"), was an employee of HCSO as a supervisor and a male. At all pertinent times to Plaintiff's claims for damages the individual unlawful acts and or omissions by Defendant Newman occurred within Harris County, Texas during the course of his employment.

8.   Compensatory damages and injunctive relief are available under the U.S. Constitution and laws of the State of Texas, including but not limited to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq*. ("Title VII"), as well as 42 U.S.C. §§ 1983 and 1988, and under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA) and or the Americans with Disabilities Act, 42 USC §§ 12131-12134 ("ADA") and the laws of the State of Texas.

9.   Costs and attorney's fees may be awarded to Plaintiff.

10. This Court has jurisdiction over the parties and the subject matter of this action; and, this action properly lies in the Southern District of Texas, Houston Division because the claims herein arose in this judicial district and all Parties are located herein.

## PARTIES AND STATUTORY PREREQUISITES

11.    Defendants Harris County  and or HCSO was and are now Political Subdivisions of the State of Texas, Harris County. Plaintiff was employed by the HCSO during the relevant periods.

12.    In conformance with any statutory prerequisites, Plaintiff submitted her intake questionnaire and pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a Right to Sue letter, which was

3

issued on or about December 2, 2022. Plaintiff therefore timely filed this action within the statutory ninety (90) day time period.

13.    Defendants Harris County and or HCSO are employers within the meaning of Title VII, and at all times acted under color of law and is located within the jurisdiction of this Court having more than 500 employees.

14.    The individual Defendants although employed has acted beyond the scope of their authority and or assigned duties and have been taking actions against the Plaintiff beyond the scope of their duties as a government officers acting under color of law and perpetuated their vendettas and or conspired against Plaintiff at various times and manners within Harris County.

## FACTUAL ALLEGATIONS

15.    Plaintiff was a licensed vocational nurse (LVN) with HCSO and a white female with limited responsibilities working in the Harris County Detention jail facilities.

16.    Plaintiff was a well-qualified LVN, having been a valued employee for many years for HCSO.

17.    During Plaintiff's employment, she had been assaulted by inmates through the inability of Harris County to maintain adequate staffing measures. Plaintiff as a result was perceived as being disabled as a result.

18.    Plaintiff attempted to obtain reasonable treatment for her injuries and was off work for a period of time. She was promised to be able to return to duty. During her leave based upon on the job injuries, took her own time to obtain an unrelated surgery that she had scheduled and used her accumulated leave time.

4

19.     Upon attempting to return, she was allowed to work for some time until she was assaulted and or threatened to be beat up by Defendant  Eazani whom Plaintiff reported to HCSO for various violations.

20.     Plaintiff was subsequently removed from work by the individual Defendants acting in concert and pursuit to a plan based upon Plaintiff's race, white; age, over 40; the perception that she suffered from a recognized disability resulting from her on the job injuries,  even though she was still well qualified to perform all the necessary and regular functions of her employment. Defendants acting in  concert and or violations of ADA, ADEA and or racial discrimination and or other policies and procedures related to Plaintiff's status including the need to obtain FMLA relief, she became targeted by Defendants and denied the ability to return to work even though reasonable accommodations existed wherein she could perform the majority of the reasonable and necessary functions of her employment.

21.     Plaintiff attempted to hold Defendants accountable for their conduct and various violations of policy and had requested to return to work. Even though she worked for a period of time Defendants figured out a way to have her removed in part for her complaints against Defendant Eazani to the IAD.

22.     Defendants have treated and continued to treat Plaintiff in a hateful retaliatory manner and demeaned her at every opportunity and or function including refusing to allow her to return to work claim that she could no longer perform unrelated functions of her daily work that never arose or could be adjusted as a reasonable accommodation.  Plaintiff was treated as completely disabled.

23.     Plaintiff was well-qualified to perform her assigned duties based upon her extensive work history and good work performance.  Plaintiff requested accommodations and or adjustments or positions that could accommodate her perceived and or known disabilities and age-related functions. Sufficient positions were available for Plaintiff to be assigned to that would not require any significant adjustments by Defendant HCSO.

24.     HCSO acting through Defendant Ball, whom was believe to be friends with Defendant Eazani, intentionally failed refused and neglected to properly investigate and or address the adverse claims made by Plaintiff. HCSO through the individual Defendants allowed and have continued to allow the fabrications against Plaintiff to be treated as truthful and has continued to allow such issues to remain in her personnel file which has and will continue to plague Plaintiff with essentially being "blacklisted".

25.     HCSO during this period transferred all responsibilities for medical services to Harris Health whom was only required to maintain employment for the medical staff for a period of ninety (90) days. Plaintiff attempted to  seek employment with Harris Heath and had been turned down based upon her employment records created by Defendants. Although, Plaintiff was lead to belief a comparable position existed, Plaintiff discovered that she would be subject being terminated within the ninety-day period without recourse.

26.     Plaintiff was subsequently ridiculed, made fun of, ignored, and essentially treated as a leper class of persons unworthy of respect or association with HCSO due in part to her age (over 40) and white and treated in a manner designed to get her to leave HCSO claiming she was told old and had a disability and could not be a LVN.

27.     Defendants intentionally refused to allow her any opportunity for to return to work.

28.     The individual Defendants embarked on a scheme or plan to falsely cause HCSO to discriminate against Plaintiff knowing that HCSO would rely on their false and fictious claims so that HCSO would prevent Plaintiff from obtaining the ability to return to work assume other positions and to degrade Plaintiff and ruin her otherwise good reputation.

29.     The individual Defendants did in furtherance of such scheme or plan had taken overt steps pursuant to such scheme or plan. Including but not limited to writing degrading and misleading memos and or emails, intentionally interfering with Plaintiff's interests in her good name and reputation and or indicating she was no longer able to perform the essential functions of a LVN.

30.     The individual Defendants and HCSO prevented Plaintiff from returning to work based upon the discriminatory animus created by Defendants Eazani and Ball.

31.     Defendant HCSO has though the individual Defendants intentionally created an atmosphere to systematically degrade, devalue, and eliminate Plaintiff from any association as a LVN and such responsibilities based significantly upon or motivated in part by her status as a white female over the age of 40 who with perceived disabilities is presumed to be incapable of performing the essential functions of her position.

32.     Defendants have taken one or more overt acts in furtherance of such scheme. These include but not limited to the following:

7

a. Sending out disparaging emails about Plaintiff and or allowing and supporting use of false and fictitious claims to allow and promote ridicule of the Plaintiff.

b. Degrading emails about Plaintiff's alleged conduct prior to any investigation.

c. Questioning the competence of Plaintiff and refusing to address the evidence presented and or provided by Plaintiff to refute the false allegations.

d. Isolating Plaintiff from the rest of the medical facility and treating her in disparaging manner presuming she to be incapable of performing any other job assignments or to have additional training or responsibilities with a reasonable accommodation.

e. Allowing the individual Defendants to continue to degrade and insinuate the incompetence and or misconduct of Plaintiff.

f.  Allowing false allegations of wrongdoing that were not substantially supported to be lodged against Plaintiff who was acting in accordance with her constitutional and statutory rights, privileges, and immunities to obtain medical treatment and or associate with younger less qualified employees who were not perceived with a disability; and or be able to work in an environment where she was surrounded by predominantly younger black employees.

g. Otherwise, depriving Plaintiff of her constitutional and statutory rights, privileges and immunities under color of law; to be free from racially/age/disability based motivated discipline or false accusations and being isolated and preventing her from preforming the main functions of her employment.

33.     Prior to being forced to file this action, HCSO has intentionally refused to

provide relevant information to Plaintiff  regarding any federal EEOC inquires made.  To

HCSO.  Plaintiff was ostracized and continues to be punished by HCSO officials through

the use of false and misleading entries in her employment file resulting from a hostile

work environment based upon her election to challenge the false statements and mistreatment she had been receiving.

34.     Plaintiff on numerous occasions has attempted to obtain reinstatement however with the elimination of the medical staff position and only being allowed a temporary position for 90 days has been refused any reasonable opportunity for future employment with the negative statements regarding her age and or disability have been made indicating she is not a welcome employee.

35.     In all respects, Plaintiff possessed the necessary qualifications, training, service time, and experience to hold her previous position but has been denied any reasonable ability to be able to return to work even with Harris Health a purportedly private contractor as all the supervisory positions have been believed to have been filled with Defendants Eazani and Hawkins and or their friends.

36.     The constant actions and abuse by HCSO have caused Plaintiff continued emotional distress as racism and discriminatory conduct by HCSO's employees was allowed to exist and ultimately designed to prevent other employees over 40 and or with perceived disabilities  and or being a white female to seek continued employment.

**CLAIM FOR RELIEF**
**HSCO FAILURE TO TRAIN AND SUPERVISE**

37.     Paragraphs 1 through 32 are incorporated by reference and Plaintiff re-alleges each allegation set forth above as though fully set forth herein.

38.     This action is maintained against HCSO for discriminatory practices, customs and policies, failure to enforce policies, or creating an atmosphere or allowing its

employees to believe that their actions are no subject to meaningful scrutiny or review or discipline all of which leads to the deprivation of Plaintiff's protected rights in EEO activity to defend against false allegations and claims. .

39.     At all material times, HCSO failed to properly train and or supervise employees or other involved workers or to properly and readily and meaningfully provide proper inquires or investigations of referrals regarding EEO violations. HCSO took incidents that were claimed to have happened more than six (6) months in the past and stale to be treated as if such were happening on a daily basis.

40.     At all material times, HCSO failed to properly train and or supervise its' employees to properly and honestly conduct inquires and or investigations of referrals of purported improper or illegal activities. To properly document such allegations and avoid simply relying on the individual Defendant false claims and believe such is substantiated by intentionally discounting conflicting evidence that does not support such allegation presented by Plaintiff. HCSO has retaliated against Plaintiff and refused her any reassignment to prevent assignments or future employment solely due to her participation in EEO activity, obtaining workers compensation benefits and or perceived age and disability endeavors.

41.     At all material times, HCSO failed to properly train and or supervise others to appropriately and proportionately respond to purported claims of mismanagement, racially and or sexual and or gender-based discrimination and or abusive treatment and or creation of a hostile work environment and or allowing or not prohibiting retaliation

against such employees identifying such activities and or whistleblowing of improper or illegal activities of employees.

42.     HCSO developed and maintained policies and customs using deliberate indifference to the statutory and constitutional rights of persons employed by HCSO which caused the violation Plaintiffs rights. Acting under color of law, pursuant to official policy or custom, or lack of such policy or custom, HCSO, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiffs' rights, failed to instruct, supervise, control, and discipline on a continuing basis its employees, including the individual Defendant and her duties to refrain from:

a.   unlawfully and maliciously harassing an employee who was acting in accordance with their constitutional and statutory rights, privileges, and immunity;

b.   unlawfully and maliciously creating accusations of wrongdoing, discipline, retaliating against an employee or prohibiting free association of the employee that did not otherwise exist or is not substantially supported against an employee who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

c.   unlawfully and maliciously creating false or unsupported accusations of threating witnesses or potential witnesses, or creating an oppressive secret system of not disclosing information;

d. otherwise depriving Plaintiff of her constitutional and statutory rights, privileges and immunities; and,

e. allowing and encouraging individual members of HCSO to believe and act as if such individuals are not subject to the same laws and are immune from discipline or their actions are always justified regardless of the lack of reasonableness; and or such actions will be protected by HCSO motivated in part due a discriminatory animus against Plaintiff due to her race (white) and age (over 40) and or due to her involvement in protected EEO activity as a complaining witness or victim of abuse.

g. failure to provide meaningful supervision regarding the actions of HCSO employees and or failure to report or take meaningful disciplinary actions against an offending HCSO employee for making false reports; and,

h. failure to restrict or supervise investigative activities and properly train or supervise such investigative activities and acceptable conduct towards Plaintiff or to provide for the safety and protection of employees who are not subject to any reasonable opportunity to defend against such unfounded or unsupportable accusations regarding a hostile work environment that could not exist.

i. intentionally creating an atmosphere that instills a mental attitude that white female over 40 with perceived disability being an employee that is not provided any protection or equal benefits from those younger minority employees desiring to ostracize Plaintiff (white) from being employed.

43.     HCSO had knowledge or, had it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspiring to be done as heretofore alleged, were about to be committed and were preventable.

44.     It was the policy and/or custom of HCSO to inadequately supervise and train its supervisors or individual thereby failing to adequately discourage further constitutional violations on the part of their employees. HCSO did not provide appropriate in-service training or retraining of supervisory employees or individual members who were known to engage in misconduct or gross neglect or falsely claim offensive comments that could not permeate the work environment.

45.     HCSO directly or indirectly, under color of law, approved and or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the individual Defendants heretofore described either directly or by omission.

46.     At all material times, HCSO failed to properly train or supervise its staff and others to recognize and react to situations that might require de-escalation or disengagement rather than allow the use of oppressive conduct or fabrications or use misleading information to justify discriminatory actions against Plaintiff and her status of being allowed to defend against the false and misleading claims  and or treatment by the individual Defendants.

47.     At all material times, HCSO failed to properly train or supervise its human relations representative Defendant Ball and others to properly identify when circumstances require HCSO  to properly investigate and evaluate various instances before concluding no wronging existed.

48.     At all material times, HCSO failed to properly train its staff and employees and others not to threaten or intimate employees and threaten them with loss of benefits for being involved in protected EEO activity to challenge false and fictitious accusations of violations of discrimination or hostile work environment.

49.     The failure of HCSO to train its members constitutes a deliberate indifference to the rights of Plaintiff and other employees.

50.     The failure of HCSO to allow the intentional mis-documentation of public employment records knowing and having reason to know that such would and will act and or be effective in blacklisting employees that are removed from HSCO be prohibited from being able to gain re-employment.

51.     HCSO is allowing and refuses to allow corrective action to be taken and has embarked on a policy of maintain dysfunctional employment records knowing such will permanently and negatively impact all future employment.

52.     As a result of the failure to properly train its agents by HCSO Plaintiff has and will suffered immediate and irrevocable harm including but not limited to emotional upheaval and depression, for which HCSO is liable for all pecuniary losses, including, but not limited to, legal and costs expenses incurred; all future legal and cost or loss of income expenses; any and all reasonable attorney's fees and compensatory money damages for mental pain and suffering,  inconvenience, loss of enjoyment of life, and mental and/or emotional distress, humiliation and embarrassment, and loss of economic opportunities.

**FIRST CLAIM FOR RELIEF**
**HCSO VIOLATIONS UNDER TITLE VII**
**42 U.S.C. §§ 2000e et seq**
**(RACE DISCRIMINATION IN VIOLATION OF TITLE VII)**

53.     Plaintiff hereby incorporates the preceding paragraphs 1 through 52 as though fully set forth herein and further states as follows.

54.     By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going racial/gender-based discrimination directed towards her by Defendants Ball and Eazani.

55. In particular, but not limited to, hostile work environment discrimination due to Plaintiff's race/age-based and her participation in challenging the false claims made by the individual Defendants who have surreptitiously developed a scheme to ruin the credibility of Plaintiff and prevent her from supervising them or hold them accountable for being discriminatory and or creating a hostile work environment.

56. By and through, but not limited to, the actions described above, HCSO has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e; as acted under color of law in violation of 42 USC §1983 as well.

57. As a direct and proximate result of said actions by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses

58. Plaintiff has been injured by this racial discrimination and is entitled to compensatory damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

59. Defendants' actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting the award of damages.

60. Defendant HCSO is not liable for punitive damages although under some circumstances the individual Defendants may be which are not part of their employment and subjects them to individual liability.

61.    At all times material hereto HCSO was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). On information and belief, at all times material hereto HCSO was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto HCSO was a person engaged in an industry affecting commerce who had 500 or more employees for each working day in each of twenty or more calendar weeks during the years of Plaintiffs' employment or the preceding calendar year.

### SECOND CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST INDIVIDUAL DEFENDANTS

62.    For the Sixth Claim of Plaintiff's Complaint, Plaintiff adopts and re-alleges all paragraphs 1 through 61 as if pled herein and further states and alleges:

63.    Defendants' individual conduct of constantly harassing Plaintiff and threatening Plaintiff and retaliating against Plaintiff was so extreme and outrageous as to go beyond all bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

64.    Defendants individually intentionally or recklessly caused severe emotional distress to Plaintiff beyond that which a reasonable person could be expected to endure by their actions including discriminating false and fictitious rumors or statements to others and making accusations and retaliating against Plaintiff.

65.     As the direct and proximate result of Defendants individual actions, Plaintiff has suffered damages and is entitled to recover actual damages in excess of $75,000.00

66.     Defendants individual unlawful actions were intentional, willful, malicious, and taken in reckless disregard for Plaintiff's rights; therefore, Plaintiff is entitled to punitive damages against Defendants individually.

### THIRD CLAIM FOR RELIEF

### FAILURE TO TRAIN OR SUPERVISE (42 USC §§ 1981, 1983 and 1988) DEFENDANTS FOR VIOLATIONS OF FIRST AND FOURTEENTH AMENDMENTS BY A POLICY AND OR CUSTOM AND OR LACK OF POLICY

67.     Paragraphs 1 through 66 are incorporated by reference and Plaintiff re-alleges each allegation set forth above as though fully set forth herein.

68.     This action is maintained against Defendants (individually or collectively) for their practices, customs and policies, failure to enforce policies, or creating an atmosphere or allowing its employees to believe that their actions are no subject to meaningful scrutiny or review or discipline all of which leads to the deprivation of Plaintiff's rights within the meaning of 42 U.S.C. §§ 1983 and 1988.

69.     At all material times, HCSO failed to properly train and or supervise its staff and or individual Defendants or other involved HCSO workers or investigators or to properly and readily and meaningfully provide proper inquires or investigations of referrals regarding gender-based discrimination.

70.    At all material times, HCSO failed to properly train and or supervise its employees to properly and honestly conduct inquires and or investigations of referrals of purported improper or illegal activities. To properly document such allegations and avoid simply relying on a false claim and believe such is substantiated by intentionally discounting conflicting evidence that does not support such allegation.

71.    At all material times, HCSO failed to properly train and or supervise its employees and others to appropriately and proportionately respond to purported claims of mismanagement, gender and or racial and or sexual based discrimination and or abusive treatment and or creation of a hostile work environment and or allowing or not prohibiting retaliation against such employees identifying such activities and or whistleblowing of improper or illegal activities of employees or elected officials.

72.    HCSO developed and maintained policies and customs using deliberate indifference to the statutory and constitutional rights of persons employed by HSCO which caused the violation Plaintiff's rights. Acting under color of law, pursuant to official policy or custom, or lack of such policy or custom, HCSO knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control, and discipline on a continuing basis its employees, including Defendants and their duties to refrain from:

a.  unlawfully and maliciously harassing an employee who was acting in accordance with her constitutional and statutory rights, privileges, and immunity;

b. unlawfully and maliciously creating accusations of wrongdoing, discipline, retaliating against an employee or prohibiting free association of the employee that did not otherwise exist or is not substantially supported against an employee who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

c. unlawfully and maliciously creating false or unsupported accusations of threating witnesses or potential witnesses, or creating an oppressive secret system of not disclosing information;

d. conspiring through individual members of Defendants and or with individual members of HCSO to violate the rights, privileges and immunities guaranteed to Plaintiff by the constitution and laws of the United States and the laws of the State of Texas; and,

e. otherwise depriving Plaintiff of her constitutional and statutory rights, privileges and immunities; and,

f. allowing and encouraging individual members of Defendants to believe and act as if such individuals are not subject to the same laws and are immune from discipline or their actions are always justified regardless of the lack of reasonableness; and or such actions will be protected by members HCSO.

g. failure to provide meaningful supervision regarding the actions of Defendants and failure to report or take meaningful disciplinary actions against an offending county employee; and,

h. failure to restrict or supervise investigative activities and properly train or supervise such investigative activities and acceptable conduct towards Plaintiff or others or to provide for the safety and protection of those persons who are subject to being questioned or facing discipline especially when the allegations are not properly documented or investigated and the purported offending employee does not have any procedural or substantive grievance opportunities or ability to be heard or any reasonable opportunity to defend against such unfounded or unsupportable accusations.

i. intentionally creating an atmosphere that instills a mental attitude that public employees are not provided any protection from those holding office.

73.     Defendants had knowledge or, had it diligently exercised their duties to

instruct, supervise, control and discipline on a continuing basis, should have had

knowledge that the wrongs conspiring to be done as heretofore alleged, were about to be

committed and were preventable.

74.     Defendants had the power and responsibility to prevent or aide in preventing the commission of such wrongs and could have done something to prevent the wrongs; however, Defendants knowingly, recklessly, and/or with deliberate indifference or callous disregard of Plaintiffs' rights, failed and refused to do so.

75.     It was the policy and/or custom of Defendants to inadequately supervise and train its supervisors thereby failing to adequately discourage further constitutional violations on the part of their employees. Defendants did not provide appropriate in-service training or retraining of supervisory employees or individual employees who were known to engage in misconduct or gross neglect. No effort was made to control or oversee Defendant Ball and her continuous discriminatory animus against those employees perceived to be disabled, over 40 and or white.

76.     Defendants directly or indirectly, under color of state law, approved and or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the individual Defendants heretofore described either directly or by omission.

77.     At all material times, Defendants failed to properly train or supervise the Defendants and others to recognize and react to situations that might require de-escalation or disengagement rather than allow the use of oppressive conduct or fabrications or use misleading information to justify disciplinary action against Plaintiff.

78.     At all material times, Defendants failed to properly train or supervise Defendants Ball, Eazani and or Hawkins and others to properly identify when circumstances require them to properly investigate and evaluate various instances before concluding wronging existed.

20

79.     At all material times, Defendants failed to properly train the individual Defendants and others not to threaten or intimate employees and threaten them with loss of employment for whistleblowing activities.

80.     As a result of numerous failings in training Defendants violated Plaintiffs' rights under the First, Fifth, Ninth, Tenth and Fourteenth Amendments of the Constitution of the United States and of the Constitution for the State of Texas, as well as preventing Plaintiff from obtaining future opportunity for gainful employment.

81.     The failure of Defendants to train its employees constitutes a deliberate indifference to the rights of Plaintiff with whom Defendants or their agents come into contact, especially when exerting unbridled authority over such employees.

82.     As a result Plaintiff will suffered immediate and irrevocable harm including but not limited to emotional upheaval and depression, for which Defendants are liable for all pecuniary losses, including, but not limited to, legal and costs expenses incurred; all future legal and cost or loss of income expenses; any and all reasonable attorney's fees, pursuant to 42 USC § 1988(b); any and all expert fees, pursuant to 42 USC §1988(c); and compensatory money damages in an amount exceeding $75,000 for mental pain and suffering,  inconvenience, loss of enjoyment of life, and mental and/or emotional distress, humiliation and embarrassment, and loss of economic opportunities.

83. Plaintiff hereby incorporates the preceding paragraphs 1 through 72 as though fully set forth herein and further states as follows against HCSO.

84. A determining factor in the decisions to subject Plaintiff to different terms and conditions of employment and negatively impact his employment without just or appropriate cause was her age over 40.

85. HCSO had been on a course and policy to remove all older employees as such made more money and or increased HCSO costs and or perceived reputation regarding of hiring and maintaining younger employees.

86. Along with being a elderly white female, Plaintiff and or others similarly situated are being systematically removed and younger less qualified employees were being hired to achieve the perception of a younger department and or decrease benefits payments with preference given to minorities (especially younger black females).

87. Defendant HCSO adverse actions against Plaintiff in part because of her age violated the ADEA and caused damages to Plaintiff.

88. The individual Defendants violation of the ADEA was willful and intentional.

89. Plaintiff is entitled to all remedies and relief provided for a violation of the ADEA. Defendant HCSO is liable to Plaintiff for the harm, damages, and losses caused to her for violation of the ADEA.

90. This case is brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and the Family and Medical Leave Act, 29 U.S.C § 2601 et seq. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

91. The plaintiff is a qualified individual with a disability. The plaintiff performed her nursing medical functions well but lost her employment as soon as the individual Defendants determined she had been diagnosed with a physical ailment the ability to

have some limited lifting restrictions, which is an actual disability under the Americans with Disabilities Act. In addition, Plaintiff was regarded as having a disability by HCSO and been denied reassignments or accommodations as a result.

92. Violation of Family and Medical Leave Act 15. One reason that the Family and Medical Leave Act (FMLA) was enacted was to protect people facing serious medical conditions from dismissal when they needed time off to deal with their medical issues. Sadly, as soon as HCSO learned that Plaintiff would need time off for her disability, it preemptively has denied her opportunity for reassignment. This clearly interfered with Plaintiff's right to leave and thus violates the FMLA.

93. Because the HSCO's actions were willful and thus render the imposition of liquidated damages appropriate, the Plaintiff is entitled to declaratory and or injunctive relief as well an award of these damages under the FMLA.

**WHEREFORE**, Plaintiff, prays for a judgment that the conduct engaged in by Defendants is in violation of Plaintiffs' rights; declaratory relief, injunctive relief, for an award to Plaintiff for equitable relief of back salary; lost benefits, liquidated and/or compensatory damages, in an amount in excess of $75,000.000; training and costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment; prejudgment interest and for any such other legal or equitable relief this Honorable Court deems just and proper and declare the rights and responsibilities of HCSO employees.

Respectfully submitted,

/s/ *David J. Batton*
**David J. Batton**
**Law Office of David J. Batton**
**Texas State Bar No. 24124813**
**OK State Bar No. 11750**
**U.S. D.C., SD TX: 43854**
**P.O. Box 1285**
**Norman, OK 73070**
**PO Box 16039**
**Houston, TX 77222**
**Telephone: (405) 310-3432**
**Facsimile: (713) 750-0050**
**dave@dbattonlaw.com**
**battonlaw@coxinet.net**

24